```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LARRY R. HENDERSON,<br><br>              Plaintiff,<br><br>    v.<br><br>CITY OF CAMDEN et al.,<br><br>              Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-7504 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    In this action, pro se Plaintiff Larry R. Henderson alleges false arrest, false imprisonment, and malicious prosecution in violation of his constitutional rights. [Docket Item 1.] Plaintiff contends that he has lost his freedom, his job, and his livelihood as a result. Because Plaintiff seeks to bring this action in forma pauperis, the Court has an obligation to screen the Complaint under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

    1.    Because Plaintiff's application reflects that he is indigent, the Court will, pursuant to 28 U.S.C. § 1915, permit the Complaint to be filed without prepayment of fees, and will direct the Clerk of Court to file the Complaint.

    2.    Section 1915(e)(2)(B), however, requires the Court to screen Plaintiff's Complaint and to dismiss any frivolous or malicious claim, any claim that fails to state a ground upon

which relief may be granted, and/or any claim that seeks monetary damages from a defendant with immunity. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In determining the sufficiency of a pro se complaint, the Court must liberally construe the allegations in favor of the plaintiff, and generally accepts as true all factual allegations. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court may, however, freely ignore the plaintiff's "legal conclusions" and need not credit a pleading that offers little more than "labels and conclusions or a formulaic recitation of the elements of a cause of action[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Rather, the plaintiff's factual allegations must be facially sufficient to demonstrate a "plausible" right to relief, by pleading factual content sufficient for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

4. Section 1983 generally provides a federal cause of action against any person who, "under color of" state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by

the Constitution and laws[.]" 42 U.S.C. § 1983. To prevail under 42 U.S.C. § 1983, a plaintiff must prove that he: (a) suffered the deprivation of a right secured by the United States Constitution or federal law, (b) by a person acting under color of state law. Collins v. City of Harker Heights, Tx., 503 U.S. 115, 119-20 (1992); Morrow v. Balaski, 719 F.3d 160, 165-66 (3d Cir. 2013) (citation omitted).

    5.    Plaintiff's Complaint consists solely of bare labels and conclusions which are impermissible under Iqbal even in a pro se case. See Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (noting that pro se plaintiff must "assert more than mere labels and conclusions"). Plaintiff alleges in vague and conclusory fashion only that he was arrested and imprisoned on "false charges for murder," possession of a gun, and assault in violation of his Fourth Amendment and Due Process rights. [Docket Item 1.] Plaintiff lists damages of lost enjoyment with his family, deprivation of his freedom, and interference with his job and livelihood, and demands $25,000,000.00. Beyond these general assertions, the Complaint is entirely devoid of any factual allegations regarding the context of the alleged constitutional violations. Moreover, it is impossible from the current pleading to determine the alleged misconduct of each of the four named defendants. Therefore, Court will dismiss Plaintiff's Complaint

3

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim.

    6.   The dismissal, however, will be without prejudice to Plaintiff's right to file a motion to amend, accompanied, in accordance with Local Civil Rule 7.1(f), by a proposed Amended Complaint. The proposed Amended Complaint, if any, must identify, with specificity, the basis of Plaintiff's claims for false arrest, false imprisonment, and malicious prosecution, and the Amended Complaint must indicate why each particular named defendant is liable. Absent appropriate factual support, Plaintiff's proposed Amended Complaint would fail to state a claim upon which relief may be granted.

    7.   An accompanying Order will be entered.

**January 15, 2015**　　　　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　　Chief U.S. District Judge